IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

OSCAR MARTINEZ, :
:
       Plaintiff, :
:
v. : Civ. No. 11-1065-LPS
:
CORRECTIONAL MEDICAL SERVICE, :
et al., :
:
       Defendants. :

Oscar Martinez, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 19, 2012
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

**I.     INTRODUCTION**

Plaintiff Oscar Martinez ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**II.    BACKGROUND**

In 2002, Correctional Medical Services ("CMS") physicians diagnosed Plaintiff with bi-polar disorder and prescribed Seroquel, Sinequan, Celexa, and Paxil to treat depression. Plaintiff was diagnosed with type 2 diabetes in February 2011. In July 2011, he was told by Dr. Patricia Braxton that the condition was a result of his long-term use of Seroquel. Plaintiff alleges that he received no warnings from 2002 through 2011 regarding the long-term use of Seroquel or any other drug prescribed him. Plaintiff seeks compensatory and punitive damages. (D.I. 3)

**III.   LEGAL STANDARDS**

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. **DISCUSSION**

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See Estelle*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of

serious harm and fails to take reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *See Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F.Supp. 1126, 1132 (D. Del. 1992). In order to establish that CMS is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (stating because respondeat superior or vicarious liability cannot be basis for liability under 42 U.S.C. § 1983, corporation under contract with state cannot be held liable for acts of its employees and agents under those theories).

Allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as Constitutional deprivation).

Even when reading the Complaint in the most favorable light to Plaintiff, he fails to state an actionable constitutional claim against Defendants for deliberate indifference to a serious medical need. Rather, the Complaint alleges that Plaintiff was prescribed medication and subsequently developed diabetes because of long-term use, all while receiving no warnings regarding such long-term use. These allegations constitute a medical malpractice/negligence

4

claim, not a claim of deliberate indifference. In addition, the Complaint contains no allegations of a custom or practice of CMS demonstrating deliberate indifference.

The Complaint, as it now stands, fails to state a claim upon which relief can be granted. Therefore, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (not published) (stating leave to amend is proper where claims do not appear "patently meritless and beyond all hope of redemption").

## V. **REQUEST FOR COUNSEL**

Plaintiff requests counsel on the grounds that counsel will benefit both he and the court; the issues can be more clearly identified with counsel; counsel will expedite an evidentiary hearing or make it unnecessary; counsel will make better use of discovery procedures; he does not have the ability to present his case and is unskilled in the law; he cannot afford counsel; and appointing counsel would serve the best interests of justice. (D.I. 7)

Although a plaintiff does not have a constitutional or statutory right to an attorney,[2] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d) – now § 1915(e)(1) – does not authorize federal court to require unwilling attorney to represent indigent civil litigant); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (no right to counsel in civil suit).

issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 154.

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Plaintiff's request, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, the instant Complaint fails to state a claim and Defendants have yet to be served. This case is in its early stages and, should the need for counsel arise later, the issue can be addressed at that time. Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's Request for Counsel. (D.I. 7)

## VI.  <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff will be given leave to file an amended complaint. Plaintiff's Request for Counsel will be denied without prejudice to renew.

An appropriate Order follows.

6